UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS HEALTH CARE PLAN OF NORTHERN CALIFORNIA, *et al.*, | No. C-07-3851 JSW (EMC) |
| Plaintiffs, | **ORDER VACATING HEARING ON AND GRANTING PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA** |
| v. | |
| McFARLANE & SONS, INC., | **(Docket No. 19)** |
| Defendant. | |

Plaintiffs filed a motion to compel compliance with a subpoena, which the Court set for hearing on February 20, 2008. No opposition to the motion was filed on January 30, 2008, as required by the Civil Local Rules and by the Clerk's notice of January 8, 2008, nor has the Court received any opposition to the motion since then. Accordingly, the Court hereby **VACATES** the hearing on Plaintiffs' motion to compel and shall rule based on the papers submitted. Having reviewed the papers submitted, the Court hereby **GRANTS** Plaintiffs' motion.

## I. DISCUSSION

Plaintiffs issued a subpoena to Mike McFarlane as custodian of records for Defendant, which was served on Mr. McFarlane, along with a notice of deposition, on November 5, 2007. *See* Carroll Decl. ¶ 2. The subpoena required Mr. McFarlane to appear for a deposition on November 26, 2007, and to bring to the deposition certain documents. *See* Carroll Decl., Ex. 1. More specifically, Plaintiffs requested "monthly reporting forms for the months of May 2007 through October 2006."

Carroll Decl., Ex. 1. Presumably, this was an error. Based on the notice of deposition, it appears that Plaintiffs seek documents from the May to October 2007 period.

As in the subpoena, Plaintiffs stated in the notice of deposition that they intended to depose Mr. McFarlane on that date. However, in what appears to be an error, Plaintiffs stated in the body of the second paragraph that Jeff Buchanan should appear for the deposition and bring documents. *See* Carroll Decl., Ex. 2, page 2. In addition, the documents sought by Plaintiffs in the deposition notice included documents other than the monthly reports. *See* Carroll Decl., Ex. 2.

On November 26, 2007, Mr. McFarlane did not appear for a deposition. *See* Carroll Decl. ¶ 3. Plaintiffs subsequently filed their motion to compel.

Taking into account the above, the Court concludes that the subpoena issued by Plaintiffs should be enforced. The Court acknowledges that the subpoena may have been the source of some confusion with respect to the precise scope of the documents requested, but this was no excuse for Mr. McFarlane not to appear for the deposition at all. The Court also acknowledges that the notice of deposition was not without some problems in erroneously identifying another person as the custodian, but this should not prevent enforcement of the subpoena since the notice was expressly addressed to Mr. McFarlane and was essentially duplicative of the subpoena which also identified Mr. McFarlane as custodian of records for Defendant.

Accordingly, the Court grants Plaintiffs' motion to compel compliance with the subpoena. That is, Mr. McFarlane is hereby ordered to appear for a deposition as custodian of records for Defendant and to bring to the deposition "[c]ompleted Sheet Metal Workers Trust Funds monthly reporting forms for the months of May 2007 through October [2007] on Employers #354250/333. The completed monthly reports should list each employee, their social security number, total hours

///
///
///
///
///
///

2

worked and amount of contributions due for each month for each employee." Carroll Decl., Ex. 1. The parties shall meet and confer to determine a mutually convenient date and time for the deposition and the accompanying production of documents.

     This order disposes of Docket No. 19.

     IT IS SO ORDERED.

Dated: February 13, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge